UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHA'RON ALEXANDER, MICAH BRADLEY, ROBERT BENTLEY, ERIC BUTLER, ALPACINO CARSON, FLORAJEAN CLARK, WESLEY COBB, CHESTER COMBS, CAROL DARDEN, REONTHA DAVISON, TERRY ELLIOT, ARAMANDO ESCORCIA, GINO GRAZIANO, BRENDA HAMILTON, TAVARES HARNEY, HOWARD HARRIS, KIMBERLY HUNT, TIMMY JOHNSON, TRINA JOHNSON, CHRISTOPHER JONES, DARRYL JORDAN, GEORGE LEWIS, ANTHONY LIGGINS, LYNELL LOVE, KENNETH MAYES, BRANDON MOWERY, MELNA ROGERS, SEAN ROLLINS, KIMBERLY SHOLAR, SYLVIA SMITH, ALBERT TATE, PAM TURNER, LASHAWN VAUGHN, GINGER WOODS, and VANESSA WRIGHT, <br><br>         Plaintiffs <br><br>    v. <br><br> SVC MANUFACTURING, INC., and STOKELY VAN-CAMP, INC., doing business as PEPSICO, <br><br>         Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 1:12-cv-01636-TWP-TAB ) ) ) ) ) ) |

**ENTRY ON MOTION TO REMAND**

This matter is before the Court on the Motion filed by Sha'ron Alexander and the above-named individuals (collectively, "the Plaintiffs") to remand this case to the Marion Superior Court (Dkt. 17).  The lawsuit arises out of a wage dispute between the Plaintiffs, SVC Manufacturing, Inc. and Stokely Van-Camp, Inc. (collectively, "the Defendants").  For the reasons set forth below, the Plaintiffs' Motion to Remand (Dkt 17) is **DENIED**.

# I. <u>BACKGROUND</u>

SVC Manufacturing, Inc. ("SVC") is a wholly owned subsidiary of Stokely Van-Camp, Inc. ("Stokely"). Both are corporations with their principal offices located in Chicago, Illinois. SVC and Stokely allegedly do business under the name of PepsiCo,[1] which has a manufacturing facility located at 5858 Decatur Boulevard in Indianapolis, Indiana.

On June 7, 2010, SVC and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("the Union"), on behalf of Local Union No. 1999, executed a collective bargaining agreement ("the CBA"). The CBA took effect that day and was to remain in effect until midnight on June 2, 2013. The CBA contained various provisions regarding compensation, including a section devoted to how vacation pay would be earned and redeemed.

The Plaintiffs are former employees of the Defendants who worked at the PepsiCo manufacturing facility in Indianapolis. Their employment was terminated in 2012. Plaintiffs allege that prior to their terminations, they had accrued unused vacation time, and the Defendants did not pay the Plaintiffs for this time after terminating their employment. On August 22, 2012, the Plaintiffs sent a letter to the Defendants demanding payment, but the Defendants continue to fail and refuse to pay Plaintiffs their vacation pay. On October 1, 2012, the Indiana Attorney General authorized the Plaintiffs to pursue their wage claims under Indiana law.

On October 11, 2012, the Plaintiffs filed their Complaint in state court, alleging that their unused vacation pay was wrongfully withheld from them under the Indiana Wage Claims Statute, Ind. Code § 22-2-9-1 *et seq.* The Plaintiffs sought to recover their unpaid vacation time

---

[1] The Defendants claim that Stokely does not do business as PepsiCo, but the Court accepts, without deciding, that is does for the purposes of this Entry.

and the penalties allegedly permitted under Ind. Code § 22-2-5-2.  On November 8, 2012, the Defendants filed a Notice of Removal in this Court.

## II. LEGAL STANDARD

Under federal law, a defendant may remove a case to federal court if federal subject-matter jurisdiction exists.  28 U.S.C. §§ 1331; 1441(a).  If a federal court lacks subject-matter jurisdiction to hear the case, it must be remanded back to state court.  28 U.S.C. § 1447(c).  "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

## III. DISCUSSION

With these exacting standards in mind, the Court must now determine whether remand is warranted.  Plaintiffs ask this Court to remand this case to state court because they only filed a "garden-variety" state wage claim.  The Defendants contend that federal law completely preempts Plaintiffs' state wage claim and creates federal-question subject-matter jurisdiction for the purposes of removal.  As a preliminary matter, neither party challenges the validity of the CBA, so the Court assumes, without deciding, that it is valid for the purposes of this motion.

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("§ 301"), is one of only a few statutes that "completely preempt" state law.  *Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 786 (7th Cir. 1991).  Plaintiffs are the "master of the claim" and may avoid federal jurisdiction under the "well-pleaded complaint rule" by relying exclusively on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  However, there is an "independent corollary" to this under the doctrine of complete preemption.  *Id.* at 393.  When Congress passes

a statute with "extraordinary" pre-emptive force, any complaint filed under a state cause of action that is also covered by the federal statute "necessarily 'arises under' federal law." *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983)) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).  This doctrine is usually applied to claims preempted by § 301.  *Caterpillar*, 482 U.S. at 393-94.  In order for complete preemption to apply under § 301, the claim brought by the Plaintiffs must be "founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'"  *Id.* at 394 (citing *Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

This matter turns on whether the Plaintiffs could only vindicate their claims after interpreting the provisions of the CBA.  To determine whether § 301 completely preempts state law in a particular case, the Court looks to "whether the resolution of the claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement."  *Loewan Grp. Int'l, Inc. v. Haberichter*, 65 F.3d 1417, 1421 (7th Cir. 1995) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403 (1988)).  For complete preemption to apply, there must be more than a tangential overlap between the Plaintiffs' ostensibly state claim and the CBA; the overlap must be such that the claim "cannot be adjudicated without interpretation of the collective bargaining agreement, [in which case] the claim turns into a federal claim that the agreement itself has been violated."  *Brazinski v. Amoco Petrol. Additives Co.*, 6 F.3d 1176, 1180 (7th Cir. 1993); *see also Loewan*, 65 F.3d at 1422.  In *Loewan*, the court looked to the elements of the state claim to determine what role the CBA would play in adjudicating the claim, so this Court does the same.  *Loewan*, 65 F.3d at 1422.

On this point, the Indiana Court of Appeals has recognized that a common law right to vested vacation time exists, but the CBA potentially displaced that right. Under Indiana law, "[a]n agreement to give vacation pay to employees made before they perform their service, and based upon the length of service and time worked is not a gratuity but rather is in the form of compensation for services." *Die & Mold v. Western*, 448 N.E.2d 44, 46 (Ind. Ct. App. 1983). "And when the services are rendered, the right to receive the promised compensation is vested, as much as the right to receive wages or other forms of compensation." *Id.* at 46-47. The Indiana Court of Appeals has interpreted "vested" to mean that persons and legislatures have no power to change a primary right guaranteed by the contract. *Baesler's Super-Valu v. Ind. Comm'r of Labor ex rel. Bender*, 500 N.E.2d 243, 246 (Ind. Ct. App. 1986) (citing 3A Corbin on Contracts, Ch. 39 § 742 at 453 (1960)). The *Baesler's* court determined that the contract between the parties did not displace the *Die & Mold* right to vested vacation pay, so the plaintiff was entitled to a pro rata share of a year's worth of vacation pay. *Baesler's*, 500 N.E.2d at 246 n.1. In the present case, the CBA contained such a provision to displace the *Die & Mold* right.

Specifically, the CBA prohibited prorated vacation pay with exceptions for retirement and death, both of which occur after an employee parts ways with the company. Section 12.11 of the CBA states "Vacation pay will not be prorated except in the case of retirement or in the death of an employee. An employee either qualifies for full vacation or has failed to qualify for vacation." Dkt. 18 at 3. The Plaintiffs contend that the CBA only contemplates the calculation of pay for present employees and that if the parties had desired a provision for terminated employees, then they could have included one. Dkt. 18 at 5. On the contrary, it is not clear that this provision does not cover terminated employees. The provision only excludes two conditions that can only occur after a separation from the company; it is a matter of contract interpretation whether "an employee" under this provision includes both present and terminated employees. If it does, this

5

provision displaces the *Die & Mold* rights for both. Furthermore, vacation pay can only be "vested" after being guaranteed by a contract; thus, even under *Die & Mold*, the Plaintiffs' claim to vacation pay depends on the CBA.

The Defendants correctly point out that the Plaintiffs undermined their claim by using contract interpretation to assert that the CBA did not cover terminated employees. The Seventh Circuit has found that declaring that the terms of a CBA are "unequivocal" is itself an interpretation of the contract. *Nat'l Metalcrafter, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 823 (7th Cir. 1986). In *National Metalcrafter*, the Seventh Circuit addressed the intersection of a CBA and the Illinois Wage Payment and Collection Act. The plaintiff, much like the Plaintiffs in this case, "plugged the gap" in the CBA by asserting that "no reasonable person" could have interpreted the contract to extend to the current dispute. *Id.* at 824. The court acknowledged that the plaintiff's interpretation of the contract may have been correct, but it ultimately decided that this was only one possible gap-filling interpretation of the agreement. *Id.* In this case, Defendants are correct that the Plaintiffs' interpretation of the CBA is just that, an interpretation. As stated previously, more than one possible interpretation of the CBA exists, so interpretation of the CBA would be necessary to resolve the Plaintiffs' claim.

Federal law completely preempts the Indiana Wage Claims Statute in this case. When the resolution of a state law claim requires interpreting a CBA, "the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 499 (7th Cir. 1996). Assuming terminated employees are included in § 12.11, the Plaintiffs' rights, as alleged in their Complaint, can only be adjudicated by interpreting the CBA because that section affects the amount of vacation pay

they could receive. As such, the Plaintiffs' claims are completely preempted by § 301, federal-question subject-matter jurisdiction exists, and the case was properly removed to federal court.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiffs' Motion to Remand to State Court (Dkt. 17) is **DENIED**.

**SO ORDERED.**

Date: 09/17/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Heather L. Wilson
FROST BROWN TODD LLC
hwilson@fbtlaw.com

David F. Hurley
HURLEY & HURLEY PC
dhurley@hurley-legal.net

Daniel LaPointe Kent
LAPOINTE LAW FIRM P.C.
dkent@lapointelawfirm.com

Mary Jane Lapointe
LAPOINTE LAW FIRM PC
maryj@lapointelawfirm.com

Marla Elizabeth Muse
LAW OFFICE OF MARLA E. MUSE LLC
marlamuse@aol.com

Cara J. Ottenweller
VEDDER PRICE P.C.
cottenweller@vedderprice.com

Thomas M. Wilde
VEDDER PRICE, P.C.
twilde@vedderprice.com