UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHA'RON ALEXANDER, MICAH BRADLEY, ROBERT BENTLEY, ERIC BUTLER, ALPACINO CARSON, FLORAJEAN CLARK, WESLEY COBB, CHESTER COMBS, CAROL DARDEN, REONTHA DAVISON, TERRY ELLIOT, ARAMANDO ESCORCIA, GINO GRAZIANO, BRENDA HAMILTON, TAVARES HARNEY, HOWARD HARRIS, KIMBERLY HUNT, TIMMY JOHNSON, TRINA JOHNSON, CHRISTOPHER JONES, DARRYL JORDAN, GEORGE LEWIS, ANTHONY LIGGINS, LYNELL LOVE, KENNETH MAYES, BRANDON MOWERY, MELNA ROGERS, SEAN ROLLINS, KIMBERLY SHOLAR, SYLVIA SMITH, ALBERT TATE, PAM TURNER, LASHAWN VAUGHN, GINGER WOODS, and VANESSA WRIGHT,<br><br>    Plaintiffs<br><br>    v.<br><br>SVC MANUFACTURING, INC., and STOKELY VAN-CAMP, INC., doing business as PEPSICO,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:12-cv-01636-TWP-TAB<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on the Motion to Dismiss filed by Defendants SVC Manufacturing, Inc. and Stokely Van-Camp, Inc. (collectively, "the Defendants") (Dkt. 13). Sha'ron Alexander and the above-named individuals (collectively, "the Plaintiffs") filed this action against Defendants for a wage dispute over unpaid vacation time. For the reasons set forth below, the Defendants' Motion to Dismiss is **GRANTED**.

## I. **BACKGROUND**

SVC Manufacturing, Inc. ("SVC") is a wholly owned subsidiary of Stokely Van-Camp, Inc. ("Stokely"). Both are corporations with their principal offices located in Chicago, Illinois. SVC and Stokely allegedly do business under the name of PepsiCo,[1] which has a manufacturing facility located at 5858 Decatur Boulevard in Indianapolis, Indiana. On June 7, 2010, SVC and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("the Union"), on behalf of Local Union No. 1999, executed a collective bargaining agreement ("the CBA"). The CBA took effect that day and was to remain in effect until midnight on June 2, 2013. The CBA contained various provisions regarding compensation, including a section devoted to how vacation pay would be earned and redeemed.

The Plaintiffs are former employees of the Defendants who worked at the PepsiCo manufacturing facility in Indianapolis. Their employment was terminated in 2012. Plaintiffs allege that prior to their terminations, they had accrued unused vacation time, and the Defendants did not pay the Plaintiffs for this time after terminating their employment. On August 22, 2012, the Plaintiffs sent a letter to the Defendants demanding payment, but the Defendants refuse to pay Plaintiffs their vacation pay. On October 1, 2012, the Indiana Attorney General authorized the Plaintiffs to pursue their wage claims under Indiana law.

On October 11, 2012, the Plaintiffs filed their Complaint in state court, alleging that their unused vacation pay was wrongfully withheld from them under the Indiana Wage Claims Statute, Ind. Code § 22-2-9-1 *et seq*. The Plaintiffs sought to recover their unpaid vacation time and the penalties allegedly permitted under Ind. Code § 22-2-5-2. On November 8, 2012, the Defendants filed a Notice of Removal in this Court.

---

[1] The Defendants claim that Stokely does not do business as PepsiCo, but the Court accepts, without deciding, that is does for the purposes of this Entry.

## II. LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the Plaintiffs. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted); Fed. R. Civ. P. 12(b)(6).  However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Additionally, the Court is not required to accept the Plaintiffs' legal conclusions in their Complaint as true. *Id.*

## III. DISCUSSION

The Defendants ask this Court to dismiss this case on the grounds that Plaintiffs did not exhaust their remedies under the CBA or, in the alternative, to dismiss the Plaintiffs' claims against Stokely, because it was improperly named as a defendant since it was only the parent company of the Plaintiffs' employer.  The Plaintiffs responded to the Defendants' Motion to Dismiss with a Motion to Remand (Dkt. 17), which was denied by the Court on September 17, 2013 (Dkt. 29).  In the Court's order on the Plaintiffs' Motion to Remand, the Court determined that the Plaintiffs' state law claims brought under the Indiana Wage Claims Statute are preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("§ 301").

Dkt. 29 at 3-7; *see also Atchley v. Heritage Cable Vision Assoc.*, 101 F.3d 495, 498 (7th Cir. 1996) ("Section 301 preempts claims directly founded on or substantially dependent on analysis of a collective-bargaining agreement.")  The Court will not repeat its preemption analysis here, but the previous findings are relevant to this motion because it requires the Court to look to the requirements of § 301 to determine whether Plaintiffs have properly brought their claims in this Court.  The Defendants contend that the case should be dismissed because the Plaintiffs did not pursue their remedies under the process as set forth in the CBA that would have ultimately required them to submit their claims to binding arbitration.  Because the Court agrees with the Defendants on this theory, it does not need to address the narrower issue of whether Stokely, as the parent company, was a properly named defendant.

The CBA delineates a four-step grievance procedure, which the Plaintiffs did not follow. *See generally* Dkt. 14-1 at 6-9.  In the event of a dispute "pertaining to the application or interpretation of the terms" of the CBA, the following procedure was required:  (1) the employee was to discuss the matter with his or her direct supervisor, with or without the presence of the employee's union steward; (2) the grievance could be appealed to the steward, committeeman, the department manager and/or the personnel supervisor; (3) appeal could then be taken to the representative of the international union, the unit chairperson of the local union, and the grievance committee; and finally (4) the grievance would be subjected to binding arbitration. *See generally* Dkt. 14-1 at 6-7.  The Plaintiffs only contend that they sent a letter to the Defendants requesting the unpaid vacation pay.  Dkt. 1-1 at 10-11.  Neither party has challenged the validity of the process or the CBA itself.

Plaintiffs have not shown that they exhausted their available remedies under the CBA as required by federal law.  Because the Plaintiffs' claims arose under § 301, it is considered a suit

<023  4

for breach of the CBA and the parties are required to exhaust grievance and arbitration remedies set forth in the contract before initiating litigation. *Atchley*, 101 F.3d at 501 (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983); *Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 771 (7th Cir. 1991)). There is also a preference for arbitral resolution of claims under § 301. *Atchley*, 101 F.3d at 502 (affirming the lower court's dismissal for failure to arbitrate the claims despite ambiguity in the contract). The court in *Atchley* affirmed the lower court's dismissal of the case because the plaintiffs had not pled exhaustion. *Id.* at 502. The Court finds *Atchley* controlling and concludes that dismissal is warranted in this case as well because the Plaintiffs' Complaint did not show they had exhausted their contractual remedies under the CBA.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. 13) is **GRANTED**. The Plaintiffs' claims are **DISMISSED without prejudice**.

**SO ORDERED.**

Date: 09/25/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Heather L. Wilson
FROST BROWN TODD LLC
hwilson@fbtlaw.com

David F. Hurley
HURLEY & HURLEY PC
dhurley@hurley-legal.net

Daniel LaPointe Kent
LAPOINTE LAW FIRM P.C.
dkent@lapointelawfirm.com

Mary Jane LaPointe
LAPOINTE LAW FIRM PC
maryj@lapointelawfirm.com

Marla Elizabeth Muse
LAW OFFICE OF MARLA E. MUSE LLC
marlamuse@aol.com

Cara J. Ottenweller
VEDDER PRICE P.C.
cottenweller@vedderprice.com

Thomas M. Wilde
VEDDER PRICE, P.C.
twilde@vedderprice.com